■ In the Matter of CARLTON W., Appellant.—Order unanimously affirmed. Memorandum: Appellant has been adjudged a juvenile delinquent because he committed acts which if done by an adult would have constituted the crime of robbery, first degree (Penal Law, § 160.15, subd 2). The proof established that on January 17, 1977 a delicatessen was held up by a youth displaying a loaded .22 revolver and who was accompanied by two other males. The victim was unable to identify any of the men who held up the store or offer any description other than her belief that the armed robber was wearing a tan jacket and was of slight build. Shortly thereafter, by following footprints away from the scene of the robbery, the police discovered appellant and others hiding in an attic of a house nearby. The police placed all the males under arrest. Appellant was wearing a tan jacket at the time, as had been the armed robber of the delicatessen. A gun, identified as the gun used in the robbery, and cash equaling the amount taken in the robbery, were later found in the attic by the police officers. After he was taken into custody and given his *Miranda* rights, appellant admitted that he held up the delicatessen and that he was the robber with the gun. He said that he was only 15 years old and asked what penalty he would receive. The police officer testified that appellant's admissions were made spontaneously and not uttered in response to any questions by the officer. Appellant did not deny that the statements were spontaneous. He asserted instead that he had confessed only to protect his older friends from more serious punishment since they would be treated as adults. Appellant was charged with acts constituting robbery, first degree, and unlawful possession of a dangerous weapon. The court adjudicated him a juvenile delinquent on the basis of the robbery charge and dismissed the possession count. Appellant contends that the confession was improperly received in evidence, that the evidence was insufficient to support the conviction of robbery, first degree, and that the adjudication on the robbery count and the dismissal of the possession count are inconsistent. The confession was properly received in evidence upon the finding that it was spontaneous *(People v Jackson,* 41 NY2d 146, 151; *People v Kaye,* 25 NY2d 139, 145). That being so, there was sufficient evidence in the record to support the Family Court's finding that appellant was guilty of first degree robbery beyond a reasonable doubt. Appellant's confession, corroborated by independent evidence that the robber holding the gun was wearing a tan jacket, that appellant was wearing such a jacket when apprehended, and the discovery of the gun and money in the premises where appellant was apprehended, all support the conviction. Furthermore, the finding that appellant was guilty of robbery, first degree, was not inconsistent with dismissal of the weapons count. The evidence established that appellant had possession of the weapon at the time of the robbery, but there was not proof of possession thereafter and the unlawful possession charge was properly dismissed as a lesser inclusory crime *(People v Graham,* 48 AD2d 646, affd 39 NY2d 775). (Appeal from order of Erie County Family Court—juvenile delinquent.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.